In re the Petition for DISCIPLINARY ACTION AGAINST Wallace F. GUSTAFSON, an Attorney at Law of the State of Minnesota.

No. C9–91–2356.

Supreme Court of Minnesota.

June 23, 1993.

### ORDER

In an order dated December 11, 1992, this court suspended Wallace F. Gustafson based on its findings that Gustafson failed to deposit prepaid probate fees into a trust account and failed to disclose promptly to the heirs his receipt of the prepaid fees. 493 N.W.2d 551. In that order, this court held that Gustafson was suspended from the practice of law until May 14, 1993, after which date Gustafson would be eligible for reinstatement, subject to proceedings under Rule 18, Rules on Lawyers Professional Responsibility. On February 3, 1993, Gustafson served and filed his petition for reinstatement in this matter. Thereafter, the Director of the Office of Lawyers Professional Responsibility commenced her investigation.

On May 26, 1993, this matter came on for hearing before a Panel of the Lawyers Professional Responsibility Board. Thereafter, the Panel issued its Findings of Fact, Conclusions of Law and Recommendations in this matter in which it concluded that Gustafson "has demonstrated by clear and convincing evidence his competence and fitness to practice law in the state of Minnesota." The Panel recommended that this court reinstate Gustafson and place him on probation until May 14, 1995, subject to the supervision of his law partners. The Director concurs with the Panel's recommendation and both Gustafson and the Director have requested that this court make its decision without a referee hearing, briefing or oral argument.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions and Recommendation, and the filings and record herein, IT IS HEREBY ORDERED:

1. That the petition for reinstatement to the practice of law of Wallace F. Gustafson is granted.

2. That Gustafson hereby is reinstated and placed on probation until May 14, 1995.

3. That Gustafson's probation shall be subject to the following terms and conditions:

a. Gustafson's probation shall be supervised by his law partners, Ann Gustafson and Raymond Waechter.

b. Gustafson's probation supervisors shall, on a quarterly basis, certify to the Director that they have reviewed Gustafson's active case list, are familiar with the legal matters entrusted to him, have reviewed and are familiar with the financial aspects of Gustafson's practice of law including the receipt of retainers, the payment of attorney fees, and all trust account activity, and that they are not aware of any violations by Gustafson of the Minnesota Rules of Professional Conduct.

c. Gustafson's probation supervisors shall promptly report to the Director any violations by Gustafson of the Minnesota Rules of Professional Conduct.

TOMLJANOVICH, J., took no part.